No. 119.—New York Belting and Packing Company *v.* T. W. Jones.

The payment of a promissory note to a receiver of the so called Confederate States, under compulsion, during the late war, in an unlawful currency, does not interrupt prescription, and the action to recover on the note is therefore barred by five years.

APPEAL from the Tenth District Court, parish of Caddo. *James W. Duncan*, (attorney at law), Special Judge, *vice* Levisee, J., recused. *Duncan & Moncure*, for plaintiff and appellee. *J. W. Jones*, for defendant and appellant.

Wyly, J. A promissory note made by the defendant and belonging to the plaintiffs was seized by the Confederate States Receiver, at Shreveport, in 1862, and collected in Confederate money from the defendant, to whom the note was delivered.

The plaintiffs have instituted this suit to recover the amount of it, contending that the said collection by the Confederate States Receiver did not extinguish their claim.

The main defense is the prescription of five years.

The court gave judgment for the plaintiffs and the defendant has appealed.

More than five years has elapsed from the maturity of the note to the institution of this suit.

But plaintiffs contend that prescription was interrupted by the payment in Confederate money to Kline, the Confederate Receiver, and that this payment to Kline made him a *negotiorum gestor* and interrupted prescription without extinguishing the debt.

On the other hand the defendant contends that the note was either paid or it was not paid. If paid, the plaintiffs have no case. If not paid plaintiffs can not say that the payment to Kline, in Confederate money, interrupted prescription. They can not repudiate that payment for one purpose and use it for another. We are inclined to the opinion that the note is prescribed. The record does not show that an express acknowledgment of the debt was made by the defendant before prescription had accrued. A payment is a tacit acknowledgment of the debt, if voluntarily made. If the testimony of the defendant be true, and it has not been discredited, he did not make the payment voluntarily to the Receiver of the Confederate States. But the fact that he gave unlawful and worthless paper to take up his

own, is not a tacit acknowledgment of his obligation to pay it in lawful money. He may have preferred giving the Confederate money to the annoyance of a litigation on a claim to which he had a valid defense.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that there be judgment for the defendant, plaintiffs paying all costs.